# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTONIO LEE MIXON,

                Plaintiff,

v.

MIKE BYRNE, *et al.,*

                Defendants.

3:17-cv-00146-MMD-CBC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]

This case involves a civil rights action filed by Plaintiff Antonio Lee Mixon ("Mixon") against Defendants Harold "Mike" Byrne, John Crowder, George Davis, Shaun Diamond, Charles Dudley, David Halsey, Michael Sharp and Allen Sunday (collectively referred to as "Defendants"). Currently pending before the Court is a motion for summary judgment by Defendants. (ECF No. 73.) Mixon opposed the motion, (ECF No. 77),[2] however, Defendants' did not reply. Having thoroughly reviewed the record and papers, the Court hereby recommends Defendants' motion to dismiss be granted.

**I.  BACKGROUND AND PROCEDURAL HISTORY**

    **A.  Procedural History**

Mixon is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), and is currently housed at High Desert State Penitentiary ("HDSP") in Indian Springs, Nevada. (ECF No. 15.) However, the actions giving rise to this case occurred at Ely State Prison ("ESP"). (ECF No. 7.) Proceeding *pro* se, Mixon filed the instant civil

---

[1]  This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]  Plaintiff filed a notice of additional exhibits (ECF No. 78) four months after filing his opposition. Although untimely filed, the court has reviewed the exhibits which do not change the analysis contained in this order.

rights action pursuant to 42 U.S.C. § 1983 alleging various claims against Defendants. (*Id.*)

Pursuant to 28 U.S.C. § 1915A(a), the Court screened Mixon's first amended complaint ("FAC") on August 17, 2017. (ECF No. 12.) The Court determined the following claims stated a cause of action: (1) an Eighth Amendment claim for denial of meals in Count I; and, (2) a First Amendment claim against Defendants Halsey and Doe for denial of access to grievances. (*Id.*)

**B.     Facts Related to Eighth Amendment Deprivation of Meals**

Mixon alleges his constitutional rights were violated in two ways arising from the deprivation of meals to him while he was housed at ESP. First, Mixon asserts his Eighth Amendment rights were violated when he was deprived of eleven meals in roughly seven months. (ECF No. 7 at 10-11.) Specifically, Mixon alleges on September 16, 2016, Defendants Doe 1 and 2 were assigned to transport him to his unit and that upon arrival the Defendants punched him and took his lunch. (*Id.* at 10.) He goes on to allege that on September 17, 2016, Defendants Diamond and Crowder were assigned to deliver inmate meals and refused to give Mixon his meal. (*Id.* at 11.) He alleges he notified Defendant Davis, but Davis refused to take any action or give Mixon his meals. (*Id.*)

Additionally, Mixon alleges on October 29, 2016, Crowder denied him breakfast and lunch, and on November 26, 2016, Crowder denied him dinner. (*Id.*) Furthermore, Mixon alleges he was denied meals on December 7, 2016; December 8, 2016; and, April 11, 2017 by Defendants Ashdown, Sunday and Dudley. (*Id.* at 11-12.) Finally, Mixon alleges in March 2017, he was denied part of his lunch by Defendant Sharp. (*Id.*) In each instance, Mixon alleges he was in full compliance with prison regulations for receiving his meals. (*Id.* at 10-12.)

///

///

///

### C. Facts Related to First Amendment Denial of Access to Grievances

Mixon alleges his First Amendment rights were violated when he requested grievance forms to grieve the denial of meals and was denied. (*Id.* 12-13.)[3] Mixon goes on to allege that when he was finally able to grieve the denial of his meals on September 17, 2016, Defendant Byrne improperly rejected the grievance, preventing Mixon from exhausting his claims. (*Id.* at 11-12, 14.) Additionally, he alleges Byrne improperly rejected his other grievances on the basis they were not signed or dated, which Mixon claims is untrue. (*Id.* at 15.)

Furthermore, Mixon alleges on April 11, 2017, and April 18, 2017, he attempted to submit grievances regarding the denial of his lunch and dinner on April 11, 2017. (*Id.* at 12-14.) In the first instance, he was told by Defendant Doe 3 the grievance was being denied as a nonemergency and Mixon would need to submit the grievance in seven days. (*Id.*) In the second instance, he alleges Defendant Halsey would not let him submit a grievance for the meal deprivation. (*Id.*)

### D. Defendants' Motion for Summary Judgment

On December 28, 2018, Defendants filed a motion for summary judgment. (ECF No. 73.) In the motion, Defendants argue: (1) Mixon has not shown an Eighth Amendment violation because the alleged deprivation of meals is not sufficiently serious, and he has failed to show Defendants were deliberately indifferent to his dietary needs; and, (2) Mixon was able to access the courts on his claims, he was not prevented from preparing for this lawsuit, he was not prohibited from going to the law library and he had access to pencil and paper. (ECF No. 73 at 4-7.)

In response, Mixon filed an opposition arguing summary judgment is inappropriate because: (1) the deprivation of meals caused him to become ill, he has lost muscle and has nerve damage as a result; and, (2) Defendants denied his grievances or failed to

---

[3] Mixon also alleges he was deprived of the opportunity to grieve his deprivation of property; however, the Court found he did not state a colorable claim relating to the alleged deprivation of property. (ECF No. 12.)

3

1  allow Mixon to file his grievances numerous times, thus he was unable to exhaust his
2  administrative remedies. (ECF No. 77 at 2-3.)

3  Defendants did not file a reply.

4  **II.  LEGAL STANDARD**

5  Summary judgment allows the court to avoid unnecessary trials. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court properly grants summary judgment when the record demonstrates that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Id.* Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007); *Nelson v. Pima Cmty. Coll.*, 83 F.3d 1075, 1081–82 (9th Cir. 1996). At this stage, the court's role is to verify that reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Schmidt v. Contra Costa Cnty.*, 693 F.3d 1122, 1132 (9th Cir. 2012); *Nw. Motorcycle Ass'n*, 18 F.3d at 1472.

Summary judgment proceeds in burden-shifting steps. A moving party who does not bear the burden of proof at trial "must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element" to support its case. *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Ultimately, the moving party must demonstrate, on the basis of authenticated evidence, that the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving

1  party as to disputed material facts.  *Celotex*, 477 U.S. at 323; *Orr v. Bank of Am., NT &
2  SA*, 285 F.3d 764, 773 (9th Cir. 2002).  The court views all evidence and any inferences
3  arising therefrom in the light most favorable to the nonmoving party.  *Colwell v.
4  Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014).

5  Where the moving party meets its burden, the burden shifts to the nonmoving
6  party to "designate specific facts demonstrating the existence of genuine issues for
7  trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citation omitted).
8  "This burden is not a light one," and requires the nonmoving party to "show more than
9  the mere existence of a scintilla of evidence. . . .  In fact, the non-moving party must
10 come forth with evidence from which a jury could reasonably render a verdict in the
11 non-moving party's favor." *Id.* (citations omitted).  The nonmoving party may defeat the
12 summary judgment motion only by setting forth specific facts that illustrate a genuine
13 dispute requiring a factfinder's resolution. *Liberty Lobby*, 477 U.S. at 248; *Celotex*, 477
14 U.S. at 324.  Although the nonmoving party need not produce authenticated evidence,
15 Fed. R. Civ. P. 56(c), mere assertions, pleading allegations, and "metaphysical doubt as
16 to the material facts" will not defeat a properly-supported and meritorious summary
17 judgment motion, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,
18 586–87 (1986).

19 For purposes of opposing summary judgment, the contentions offered by a *pro
20 se* litigant in motions and pleadings are admissible to the extent that the contents are
21 based on personal knowledge and set forth facts that would be admissible into evidence
22 and the litigant attested under penalty of perjury that they were true and correct. *Jones
23 v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

24 ///
25 ///
26 ///
27 ///
28 ///

5

### III. DISCUSSION

  A.  **Deprivation of Meals**

The Eighth Amendment prohibits the imposition of cruel and unusual punishment. U.S. CONST. amend. VIII. "It is undisputed that the treatment a prisoner receives in prison and the conditions under which [they are] confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). Although conditions of confinement may be restrictive and harsh, they may not deprive inmates of "the minimal civilized measures of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995); *see also Farmer v. Brennan*, 511 U.S. 825, 832 (1994). "Prisoners are dependent on the State for food, clothing, and necessary medical care. A prison's failure to provide sustenance for inmates may actually produce physical torture or lingering death." *Brown v. Plata*, 131 S.Ct. 1910, 1928 (2011) (internal citation omitted).

Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with deliberate indifference to a substantial risk of serious harm. *Farmer*, 511 U.S. at 834. The deliberate indifference standard involves an objective and subjective component. First, the alleged deprivation must be "sufficiently serious." *Id.* (citation omitted). Second, the inmate must make the subjective showing that the prison official "[k]new of and disregard[ed] an excessive risk to inmate health or safety." *Id.* at 837.

"Adequate food is a basic human need protected by the Eighth Amendment." *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996); *see also Foster v. Runnels*, 554 F.3d 807, 812-13 (9th Cir. 2009) (finding the denial of sixteen meals in a twenty-three day period a sufficiently serious deprivation for Eighth Amendment purposes). The Ninth Circuit has held, "[t]he sustained deprivation of food can be cruel and unusual punishment when it results in pain without any penological purpose." *Foster*, 554 F.3d at

814 (citing *Phelps v. Kapnolas*, 308 F.3d 180, 182 (2d. Cir. 2002)). However, "the Eighth Amendment 'requires only that prisoners receive food that is adequate to maintain health.'" *Id.* at 813 n.2 (quoting *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993)).

Here, Mixon alleges he was denied eleven meals over a period of seven months and, as a result, he became ill, lost muscle, and suffered nerve damage. (ECF Nos. 7, 77.) Defendants argue Mixon cannot establish the meals he missed were a sufficiently serious deprivation because "[m]issing a few meals over the course of months . . . is simply too low" a level of deprivation. (ECF No. 73 at 5.)

Inmates are entitled to receive enough food to maintain health. Unlike the plaintiffs in cases where the court found sufficiently serious deprivations, Mixon was not deprived of all food for several consecutive days. *See Foster*, 554 F.3d at 812-13; *Dearman v. Woodson*, 429 F.2d 1288, 1289 (10th Cir. 1970) (no food for 50+ hours); *Cooper v. Sheriff of Lubbock Co.*, 929 F.2d 1078, 1082-83 (5th Cir. 1991) (no food for twelve days); *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999) (infirm plaintiff did not receive food for 3-4 days at a time). It is undisputed Mixon received dinner on each day he allegedly missed breakfast or lunch, or both. Additionally, it is undisputed Mixon received breakfast and lunch on each day he allegedly missed dinner.

Like the plaintiff in *Freeman v. Berge*, 441 F.3d 543, 547 (9th Cir. 2006), Mixon has not established he has endured significant suffering or long-lasting detriment to his health. Although he claims the deprivation triggered a stress related illness, he does not provide any medical evidence to support this claim. (ECF No. 77.) The medical evidence provided does not establish Mixon suffered any health-related issues due to the deprivation of any meals.

First, the medical records show Mixon received the following two prescriptions: (1) acyclovir from June 2017 (*Id.* at Ex. 1, pp. 6); and, (2) prednisone from April 2017 (*Id.* at Ex. 3, pp. 11). Next, the records contain a medical kite from June 2017 stating Mixon has gained fifteen pounds and is still in pain from a rash and possible internal infection (*Id.* at Ex. 4, pp. 13). Finally, the records contain a declaration stating Mixon's chronic pain

7

comes from a "narrowing of the spaces within the spine that pinches the nerves." (*Id.* at Ex. 8, pp. 25.) None of the conditions or treatments provided appear to be related to or caused by the deprivation of meals. Moreover, nothing in the record or in Mixon's filings suggests that the food he received during the alleged period of meal deprivation was insufficient to maintain his health. (ECF Nos. 7, 77.) Mixon has failed to establish the alleged meal deprivations were sufficiently serious to satisfy the objective prong of the Eighth Amendment test. Thus, the Court recommends summary judgment be granted as to Count I.

### B.   Access to Grievances

Prisoners have a constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). To establish a violation of a right of access to the courts, a prisoner must establish that he or she has suffered "actual injury." *Id.* at 349. The actual-injury requirement mandates that an inmate "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* at 353. "The right of meaningful access to the courts extends to established prison grievance procedures." *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995), *overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001).

Mixon has not established his failure to file the appropriate grievances frustrated a non-frivolous legal claim or deprived him of the right to bring a non-frivolous direct criminal appeal, habeas corpus proceeding or civil rights claim. Mixon alleges he was unable to exhaust his claims as a result of Defendants' actions. (ECF No. 7 at 14-15.) However, Mixon fails to identify claims he has been unable to pursue as a result of those actions. "[T]he object of a denial-of-access suit, and the justification for recognizing the claim, is to place the plaintiff in a position to pursue" the allegedly frustrated claim "once the frustrating condition has been removed." *Christopher v. Harbury*, 536 U.S. 403, 413 (2002). Here, Mixon has already received the relief provided by a denial of access claim, i.e., the ability to pursue his First and Eighth Amendment claims in a § 1983 complaint. *See Cross v. Jaeger*, 2016 U.S. Dist. LEXIS 115600, 2016 WL 4492820, at


\*9 (D. Nev., Aug. 26, 2016) (an access to the courts claim is premature when plaintiff's actual injury is the inability to exhaust and defendants have not raised the affirmative defense of failure to exhaust); *Coreno v. Armstrong*, 2011 U.S. Dist. LEXIS 118313, 2011 WL 4571756, at \*43 (S.D. Cal., July 29, 2011) (denying plaintiff's access to the courts claim as premature when the actual injury claimed was failure to exhaust and the court had not dismissed the claims for failure to exhaust); *Rhoden v. Carona*, 2010 U.S. Dist. LEXIS 115721, 2010 WL 4449711, at \*21 (C.D. Cal., Aug. 24, 2010) (denying plaintiff's access to the courts claim because plaintiff presented his claims to the court in his § 1983 action). Therefore, Mixon's denial of access to the courts claim is premature and the court recommends summary judgment be granted as to Count II.

## IV.  CONCLUSION

Based upon the foregoing, the Court recommends Defendants motion for summary judgment (ECF No. 73) be granted. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///
///
///
///
///
///
///

## VI. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Defendants motion for summary judgment (ECF No. 73) be **GRANTED**; and

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** and close this case.

**DATED**:  May 28, 2019.

_____
**UNITED STATES MAGISTRATE JUDGE**