|   |   |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |
| * * * | |
| ANTONIO LEE MIXON, | Case No. 3:17-cv-00146-MMD-CBC |
| Plaintiff, | ORDER |
| v. | |
| MIKE BYRNE, *et al.*, | |
| Defendants. | |

*Pro se* Plaintiff Antonio Lee Mixon, who is in the custody of the Nevada Department of Corrections, brings this action under 42 U.S.C. § 1983 alleging violation of his (1) Eighth Amendment right for denial of meals and (2) First Amendment right for denial of access to grievances. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla B. Carry (ECF No. 79), recommending that the Court grant Defendants' motion for summary judgment ("Motion") (ECF No. 73). Plaintiff had until June 11, 2019, to file an objection. The docket reflects that Plaintiff filed an objection to the R&R on June 13, 2019, but in fact the document is titled a Notice of Appeal ("Notice")[1] (ECF No. 80) that raises no objection to the R&R. For this reason, and as explained below, the Court adopts the R&R and will grant Defendants' Motion.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is

---

[1] In the Notice, Plaintiff asks the Court for an order granting his appeal of "this Court's Judgment" granting Defendants' Motion. (ECF No. 80.) But the Court has not granted Defendants' Motion nor has judgment been entered. Plaintiff's request articulated in the Notice is premature. This order granting Defendants' Motion and directing entry of judgment will trigger the 30-day period for Plaintiff to appeal. Plaintiff need not ask for permission to appeal; he may simply file a notice of appeal.

required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." *Id.* Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection"). Thus, if there is no objection to a magistrate judge's recommendation, then the Court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

While Plaintiff has failed to object to Judge Carry's recommendation to grant summary judgment in favor of Defendants, the Court will conduct a *de novo* review to determine whether to adopt the R&R. Judge Carry found that Plaintiff cannot establish that the alleged meal deprivations were sufficiently serious to satisfy the objective prong of his Eighth Amendment claim. (ECF No. 79 at 6–8.) Judge Carry also found that Plaintiff's First Amendment claim is premature because he has already received relief by filing his § 1983 complaint (*id.* at 8–9; ECF No. 1). Having reviewed the R&R, the Complaint, and the briefs relating to Defendants' Motion, the Court agrees with Judge Carry.

It is therefore ordered that Judge Carry's Report and Recommendation (ECF No. 79) is adopted in full.

It is further ordered that Defendants' motion for summary judgment (ECF No. 73) is granted.

The Clerk of Court is directed to enter judgment in accordance with this order and close this case.

DATED THIS 12th day of September 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE