UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTONIO LEE MIXON,<br><br>              Plaintiff,<br><br>   v.<br><br>NEVADA DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>              Defendant. | Case No. 3:17-cv-00146-MMD-CBC<br><br>ORDER |

*Pro se* Plaintiff Antonio Lee Mixon, who is in custody of the Nevada Department of Corrections, brought this action under 42 U.S.C. § 1983 alleging violation of his (1) Eighth Amendment right for denial of meals and (2) First Amendment right for denial of access to grievances. The Court adopted the Report and Recommendation ("R&R") of United States Magistrate Judge Carla B. Carry (ECF No. 79) and granted Defendants' motion for summary judgment (ECF No. 73). (ECF No. 81 ("Order").) Before the Court is Plaintiff's motion for reconsideration of the Court's Order ("Motion"), seeking reconsideration as to his Eighth Amendment claim.[1] (ECF Nos. 83, 84 (amended Motion).)

A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Motions for reconsideration are not "the proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.Supp.

---

[1]The Court has also reviewed Defendants' Opposition to the Motion. (ECF No. 85.)

1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F.Supp. 879, 889 (E.D. Va. 1977).

Here, Plaintiff does not present the Court with newly discovered evidence or an intervening change in the law. Rather, Plaintiff argues that the Court committed clear error in its Order. (ECF No. 83 at 2.) Plaintiff simply rehashes his prior arguments and insists that this Court issue its own opinion on the merits, instead of relying on the R&R. (*Id.*) In essence, Plaintiff simply seeks another opportunity to persuade the Court of his original position. Not only does the Court disagree that it committed clear error in its prior Order, but this is not the appropriate avenue for Plaintiff to reargue his prior position. Moreover, the Court did conduct a *de novo* review in deciding to adopting the R&R and did not simply rely on the R&R.

It is therefore ordered that Plaintiff's motions for reconsideration (ECF Nos. 83, 84) are denied.

DATED THIS 6th day of November 2019.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE